# *United States Court of Appeals*
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 01, 2024

Mr. Benjamin Humphreys McGee III
Federal Public Defender, TXW
919 Congress Avenue
Suite 950
Austin, TX 78701

Mr. Tivon Schardl
Federal Public Defender for the Western District of Texas
Capital Habeas Unit
919 Congress Avenue
Suite 950
Austin, TX 78701

    No. 24-70007   Joubert v. Lumpkin
                      USDC No. 4:13-CV-3002

Dear Mr. McGee and Mr. Schardl,

We have docketed the appeal as shown above, and ask you to use the case number above in future inquiries.

Before this appeal can proceed you must apply for a certificate of appealability (COA) to comply with 28 U.S.C. § 2253. If you wish to proceed, address your motion for COA to this court. Also send a separate brief supporting the motion. In the brief set forth the issues, clearly give supporting arguments. Your "motion for COA" and "brief in support" together may not exceed the length limitations set forth in Fed. R. App. P. 32(a)(7). You must electronically file your documents within 40 days from the date of this letter. If you do not do so we will dismiss the appeal, see 5th Cir. R. 42. Note that 5th Cir. R. 31.4 and the Internal Operating Procedures following rules 27 and 31 provides the general sense of the court on the disposition of a variety of matters, which includes that except in the most extraordinary circumstances, the maximum extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

**Guidance Regarding Citations in Pleadings.**

5th Cir. R. 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal.

You must use the proper citation format when citing to the electronic record on appeal.

    A. In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number. For example, "ROA.123."

    B. For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record. For example, "ROA.13-12345.123.".

    C. Please note each individual citation must end using a termination of a period (.) or semicolon (;).

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

By copy of this letter, we advise counsel for respondent-appellee that no response to the motion and brief is required.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Reminder as to Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply

stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Mary Frances Yeager, Deputy Clerk
504-310-7686

cc: Mr. Ali Mustapha Nasser

Case No. 24-70007

Elijah Dwayne Joubert,

    Petitioner - Appellant

v.

Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

    Respondent - Appellee