# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 24-70007

ELIJAH DWAYNE JOUBERT,
Petitioner-Appellant,

v.

ERIC GUERRERO, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 13-cv-3002
(Capital Case)

## UNOPPOSED MOTION FOR 30 DAYS TO FILE REPLY

Habeas petitioner Elijah Joubert requests this Court give him until May 2, 2025, to file a reply to the State's Response to Mr. Joubert's Motion for Certificate of Appealability ("COA"). Texas, through its representatives, does not oppose this request.

Pursuant to this Court's directives,[1] and the applicable law,[2] Mr. Joubert timely filed his Motion for COA and supporting brief on January 21, 2025.[3] Texas timely filed its Response on April 1, 2025.[4]

Under the rule governing motions, Mr. Joubert may file a reply by April 8, 2025.[5] Under the rule governing briefs, Mr. Joubert may file a reply by May 2, 2025.[6] It is unclear which of these rules applies. Consistent with the statutory provision for a single judge to issue a COA,[7] and the limited scope of the COA inquiry,[8] this Court directs that habeas petitioners seek a COA by motion.[9] But, whereas Rule 27(a)(2)(C)(i) expressly prohibits "[a] separate brief supporting … a motion," this Court

---

[1] Docs. 17 & 23-2.
[2] 28 U.S.C. § 2253(c); Fed. R. App. P. 22.
[3] Docs. 26-27.
[4] *See* Docs. 40-2 & 42.
[5] Fed. R. App. P. 27(a)(4).
[6] Fed. R. App. P. 28(f)(3).
[7] 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).
[8] *Slack v. McDaniel*, 529 U.S. 473, 482 (2000) ("COA statute … requires a threshold inquiry"); *id*. at 483 ("Court of Appeals should have treated the notice of appeal as an application for a COA"); *id*. at 484 (describing substantive standard for COA); *Miller-El v. Dretke*, 537 U.S. 322, 336 (2003) ("This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."); *Buck v. Davis*, 580 U.S. 100, 115 (2017) ("COA inquiry … is not coextensive with a merits analysis").
[9] *See* Doc. 17; *but see* 5th Cir. R. 27.2.3.

requires "a separate brief supporting the motion" for COA. Doc. 17. This Court also routinely enlarges the timing, content, and length requirements for those separate briefs so that they are consistent with the rules governing merits briefs. *See* Doc. 17.

Mr. Joubert requests this Court clarify that, consistent with this Court's practice in capital habeas cases, he may file his reply brief within 30 days of being served with the Response, or by May 2, 2025.

To the extent this matter is governed Rule 27(a)(4), Mr. Joubert submits the following as good cause for extending time. The Response is 64 pages long and contains almost 13,000 words. Its table of authorities is 3 pages long. The Response contains over 210 citations to the record on appeal, many without quotations. Merely reviewing a document of that length for accuracy and drafting corrections in the 7 days Rule 27(a)(4) provides for would be extremely difficult. Providing this Court with a polished brief in that time would likely be impossible.

Mr. Joubert's counsel did not have 7 days' uninterrupted time to prepare a reply. At the time Texas filed its Response, Mr. Joubert's counsel were attending a conference out of state that ended the afternoon

of April 3, 2025. Mr. Joubert's lead attorney was out of work due to illness for another day of the 7-day period.

The 30 days requested here is a practicable period that will not cause undue delay or any prejudice to anyone. That much may be inferred from the statement of Respondent's counsel that there will be no opposition to the relief sought by this Motion.

FOR THESE REASONS, Mr. Joubert respectfully requests this Court permit him to file a reply brief addressing matters related to the Response by May 2, 2025.

                        Respectfully submitted,

                        MAUREEN FRANCO
                        FEDERAL PUBLIC DEFENDER
                        WESTERN DISTRICT OF TEXAS
                        /S/ *TIVON SCHARDL*
                        TIVON SCHARDL
                        CHIEF, CAPITAL HABEAS UNIT
                        BENJAMIN HUMPHREYS MCGEE, III
                        ASSISTANT FEDERAL PUBLIC DEFENDER
                        919 CONGRESS AVE., SUITE 950
                        AUSTIN, TEXAS 78701
                        (737) 207-3008
                        TIVON_SCHARDL@FD.ORG

                        *COUNSEL FOR APPELLANT*

                        *Counsel for Appellant*

DATED: April 8, 2025

# CERTIFICATES OF SERVICE AND COMPLIANCE

I do hereby certify that on April 8, 2025, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all registered users and counsel of record for Appellee.

This document complies with the type-volume limit of Fed. R. App. P. 27(a)(2)(B) because this document contains 596 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, Version 10.

                                           */s/ Tivon Schardl*
                                           Tivon Schardl
                                           Capital Habeas Unit Chief
                                           Counsel for Appellant

DATED: April 8, 2025